AMANDA M. BENTLEY, Appellant, *v.* CHARLES WATERMAN as Administrator, etc., Respondent.

From a surrogate's decree made in 1867, on the accounting of an administrator, the latter appealed; the petition of appeal specified certain portions of the decree as erroneous. The General Term made an order in February, 1871, which the contestant claimed reversed the whole decree. The latter made a motion at General Term, in June, 1878 : 1st. For leave to renew a former motion. 2nd. To amend or modify the General Term order. This motion was denied. *Held,* that the order was not reviewable here; that if the order of 1871 was erroneous and reviewable an appeal should have been taken therefrom, if irregular, the attention of the court should sooner have been called to it; but, in any view, it was a matter within the discretion of the Supreme Court.

(Submitted October 14, 1879; decided November 11, 1879.)

IN February, 1867, an appeal was taken by the defendant to the General Term of the Supreme Court from a decree or order of the surrogate of Oneida county, upon an accounting by the defendant as administrator. The petition of appeal indicated certain portions of the order as erroneous. On the 6th of February, 1871, the General Term made an order which the appellant claims reversed the whole order of the surrogate. Upon affidavits made April 4th, 1878, a motion was noticed by the plaintiff, for the General Term to be held in June, 1878, for, *first,* leave to renew a former motion, and, *second,* for a modification or amendment of the order of the General Term made in 1871, " so as to conform with the evident intention of the General Term " and upon other grounds. In October, 1878, the motion was denied, and from that order this appeal was taken. *Held,* that the order was not appealable. The court say : " If the order of 1871 was erroneous and reviewable, an appeal should have been taken : or if irregular for any of the reasons assigned in the notice of motion, the attention of the Supreme Court should have been called to it at an earlier day. Their decision, even then, would not have been subject to review in this court, although, if there was merit in the motion, it would not have been open to the imputation

of delay or acquiescence, to which, in 1878, it was fairly subject. But in any view it was a matter within the discretion of the Supreme Court (*Buckingham* v. *Dickinson*, 54 N. Y., 682; *Depew* v. *Dewey*, 56 id., 657; *White* v. *Coulter*, 59 id., 629), which does not seem to have been abused. It is not reviewable here.

The appeal should be dismissed, with costs."

DANFORTH, J., reads for dismissal of appeal.
All concur.
Appeal dismissed.